Filed 7/1/13  P. v. Holloway CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D062371 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240302) |
| DWAYNE HOLLOWAY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed with directions.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

Dwayne Holloway pled guilty to a violation of Health and Safety Code section 11350, subdivision (a) for possession of cocaine base, a controlled substance.  Pursuant to

the plea, the court sentenced Holloway to 365 days in local custody, followed by one year in a residential drug treatment facility and three years of formal probation, and imposed various fines, fees and assessments (collectively, fines) that it stayed pending successful completion of probation.

Holloway on appeal contends the matter should be remanded for resentencing because the court erred at the sentencing hearing when it allegedly failed to itemize all the fines orally imposed on him and to inquire whether he had the ability to pay the AIDS education fine and the drug program fee, and because the court's order granting formal probation incorrectly stated the total amount of fines it imposed.

As we explain, we reject Holloway's request for resentencing because we conclude the court did not err when it relied on the probation report's itemization of recommended fines in imposing the same on him and when it tacitly found Holloway had the ability to pay the AIDS education fine and the drug program fee. However, we agree with Holloway that the order granting formal probation should be modified to state correctly the total amount of fines orally imposed by the court.

BRIEF BACKGROUND

On an evening in April 2012, undercover police officers conducted a sting operation at an intersection in downtown San Diego. During that operation, Holloway spoke with an undercover officer and directed the officer to follow him. Together they walked to a street corner where Holloway spoke with another individual who, at Holloway's direction, agreed to sell the officer $40 of cocaine base. After the officer

2

purchased the cocaine base, he handed Holloway a piece as Holloway requested. Officers then arrested Holloway. The substance purchased by the officer subsequently was tested and found to be cocaine base.

At sentencing, Holloway requested the court waive local jail time, formal probation and all fines recommended in the probation report based on his alleged inability to pay. After hearing argument by counsel, the court sentenced Holloway and, as relevant in this appeal, imposed the following fines, fees and assessments: an $800 main fine; a $40 court operations assessment (Pen. Code, § 1465.8); a $30 criminal conviction assessment (Gov. Code, § 70373); a $154 criminal justice administration fee (Gov. Code, § 29550.1); a $570 drug program fee (Health & Saf. Code, § 11372.7); a $190 lab analysis fee (Health & Saf. Code, § 11372.5); a $266 AIDS education fine; a $240 restitution fine (Pen. Code, § 1202.4, subd. (b)); and a $240 probation revocation restitution fine (Pen. Code, § 1202.44). However, the court stayed all such fines pending successful completion of probation.

## DISCUSSION

A. *Imposition of Fines*

Holloway contends the court erred when it failed to "itemize" the fines orally imposed at his sentencing.

1. *Brief Additional Background*

After Holloway pled guilty, the San Diego County Probation Department prepared a "Probation Officer's Report" (probation report) and provided it to the parties and the

3

court in advance of the sentencing hearing. The probation report recommended Holloway be sentenced to three years in state prison and recommended the court impose a restitution fine of $720; a probation revocation restitution fine of $720; a court security fee of $40; an immediate critical needs account fee of $30; a criminal justice administration fee of $154; a drug program fee of $570, including penalty assessment; and a lab analysis fee of $190, including penalty assessment. A proposed order granting formal probation was also submitted before sentencing.

The record shows that at sentencing, Holloway among other requests asked the court not to impose any fines because he allegedly was unable to pay them. After hearing argument of counsel and considering the probation report and the plea agreement, as relevant here, the court stated: "In reference to the fines and fees as noted under two, 2-A [of the order granting formal probation ] will be reduced to [$]400 -- excuse me $800. The court will impose all fines and fees; however, the court will stay all fines and fees pending successful completion of probation."

Section 2 of the order granting formal probation states a total of $9,224 in fines was imposed on Holloway.

2. *Governing Law and Analysis*

The oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) A trial court need not specifically itemize fines and fees when orally pronouncing judgment, however. (See *People v. Sharret* (2011) 191 Cal.App.4th 859, 864 [noting it

4

was an "acceptable practice" for the trial court not to specify all penalties, but rather merely to list two of them and add in its oral pronouncement, "'plus penalty assessment,'" because it was customary for trial courts to impose the "penalties and surcharge discussed above by a shorthand reference to 'penalty assessments'"].)

Here, the probation report was provided to the trial court and Holloway in advance of the sentencing hearing. It recommended various fines to be imposed at sentencing. The record shows that Holloway was aware of the proposed fines because at sentencing he expressly asked the court to waive them due to his alleged inability to pay. The record also shows that the court rejected his waiver request and, in reliance on the probation report and the order granting formal probation, orally imposed the fines therein recommended with certain exceptions, including reducing the restitution and probation revocation restitution fines and the main fine. The court then signed the order granting formal probation.

We conclude on this record it was an "acceptable practice" for the trial court to rely on the itemized list of proposed fines in the probation report and in the proposed order granting formal probation when orally imposing such on Holloway in connection with its pronouncement of judgment. (Cf. *People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388 [noting it was error to include in the minutes of the defendant's sentencing and in the abstract of judgment various matters, including a number of fines, that were *not* orally imposed by the trial judge in the presence of the defendant].)

B.  *Ability to Pay*

Alternatively, Holloway contends he should be resentenced because the trial court failed to make a finding on the record of his ability to pay the AIDS education fine and the drug program fee imposed by the court.

A trial court's determination of a defendant's ability to pay fines, fees and/or assessments need not be express but may be implied through the content and conduct of the hearings.  (See *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516-1517; *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377.)  In determining whether a defendant has the ability to pay such items, a trial court may consider the defendant's future ability to pay, including his or her ability to earn wages while in prison.  (*People v. Ramirez*, *supra*, at p. 1377.)  "Where the defendant is capable of supporting him[- or her-]self with legitimate employment, the trial court may also consider his [or her] ability 'to find and maintain productive employment once his [or her] sentence is completed.'  [Citation.]"  (*Ibid.*)

Here, the probation report notes that Holloway graduated from high school and completed six years of college, including receiving an associate's degree from the College of the Desert in Palm Springs, California, earning a business certificate from Coastline College and starting coursework at the Oregon Institute of Technology.

Given his education, the fact the trial court reduced his main fine from $8,000 to $800, reduced his restitution and probation revocation restitution fines from $720 to $240, respectively, and stayed all fines pending Holloway's successful completion of formal probation and ordered him to pay only $25 per month toward such fines once he

6

completed probation, and given the requirement of his probation that Holloway must "[s]eek and maintain full-time employment, schooling or a full-time combination thereof" as directed by his probation officer, we conclude the court's implied finding of his ability to pay the $266 AIDS education fine and the $570 drug program fee is supported by sufficient evidence in the record.[1]

C. *Modification of the Order*

Holloway contends the amount of total fines in section 2 of the order granting formal probation must be corrected to reflect the fines orally imposed at his sentencing. The People agree.

The individual fines originally included in the proposed order granting formal probation totaled $9,730, as follows: $8,000 (proposed main fine); $40 (court operations assessment); $30 (criminal conviction assessment); $154 (criminal justice administration fee); $570 (drug program fee); $190 (lab analysis fee); $266 (AIDS education fine); $240 (restitution fine); and $240 (probation revocation restitution fine). These sums totaled $9,730.

However, as noted *ante*, the trial court at sentencing exercised its discretion and orally imposed a main fine of $800. The order granting formal probation itself shows this change but, as both parties note, section 2 of the order granting formal probation was not

---

[1] In light of our decision, we conclude it is unnecessary to determine whether Holloway in this proceeding forfeited his objection to the imposition of the AIDS education fine and the drug program fee. We note, however, our high court recently held in *People v. McCullough* (2013) 56 Cal.4th 589 that a defendant who failed to object to a $270.17 booking fee when imposed forfeited that issue on review.

7

modified accordingly to reflect this reduction of the main fine.  We therefore correct section 2 of the order granting formal probation to show $2,530 as the total amount of fines imposed at Holloway's sentencing, which sum we note, also equals the fines, fees and assessments set forth in the minutes.[2]

## DISPOSITION

The trial court is directed to modify section 2 of the order granting formal probation to show $2,530 as the "total due" for the fines it orally imposed at Holloway's sentencing.  The judgment of conviction is affirmed.


BENKE, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.

---

[2]     The $2,530 figure is the difference between $9,730, on the one hand, and $7,200 ($8,000, the proposed main fine, less $800, the fine actually imposed), on the other hand.

8